IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MOUSSA DIARRA, | : | |
| Petitioner, | : | |
| v. | : | NO. 4:21-cv-113-CDL-MSH |
| DEKALB COUNTY JAIL, | : | ORDER |
| Respondent. | : | |

Petitioner Moussa Diarra, a pretrial detainee in the Dekalb County Jail in Decatur, Georgia, has filed a Petition for Writ of Habeas Corpus using the standard form required for 28 U.S.C. § 2254 actions. ECF No. 1. He, however, has not been convicted and appears to contest his March 9, 2021 arrest and current pretrial confinement. *Id*. at 1-5, 7-8. His action, therefore, should be brought under 28 U.S.C. § 2241, not 28 U.S.C. § 2254.

Petitioner also filed a motion to proceed *in forma pauperis*. ECF No. 4. For purposes of his dismissal, this motion is **GRANTED**.

A petition filed pursuant to 28 U.S.C. § 2241 must be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should . . . file the petition in the district of confinement."); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."); *see also* 28 U.S.C. §

2241(a).

The Court could dismiss the petition without prejudice. *See Pruitt*, 417 F. App'x 903, 904 (11th Cir. 2011); *Fleming v. U.S. Dep't of Homeland Sec.*, No. 1:13-cv-1364-TWT, 2013 WL 2446303 at *1 (N.D. Ga. 2013) (dismissing § 2241 action for lack of jurisdiction because petitioner was detained in the Southern District of Georgia, not the Northern District). However, 28 U.S.C. § 1631 provides that

> whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other . . . court . . . in which the action . . . could have been brought at the time it was filed.

*See Dobard v. Johnson,* 749 F.2d 1503, 1506 (11th Cir. 1985) (stating that if the Northern District of Alabama decided that it lacked jurisdiction over the § 2241, it could have transferred the case to the Southern District of Alabama under § 1631).

The Court determines that it is not "in the interest of justice" to transfer this action to the Northern District of Georgia because Petitioner already has a 28 U.S.C. § 2241 petition pending in that Court: *Diarra v. Maddox*, 1:21-cv-2205-WMR-LTW (N.D. Ga. May 26, 2021). 28 U.S.C. § 1631. In that action, Petitioner complains about his "unlawful arrest on March 9, 2021" and subsequent incarceration. ECF No. 1 at 2, 6 in *Diarra v. Maddox*, 1:21-cv-2205-WMR-LTW (N.D. Ga. May 26, 2021). Petitioner can raise any claim he has regarding his arrest and pretrial confinement in the § 2241 petition that is already pending in the Northern District of Georgia.

Accordingly, this action is **DISMISSED** without prejudice.[1]

**SO ORDERED**, this 8th day of July, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Petitioner's motion for appointment of counsel is **DENIED** as moot. ECF No. 3